UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION

| DONNA HENSEL      | ) |                    |
|                   | ) |                    |
| Plaintiff,        | ) |                    |
|                   | ) |                    |
| v.                | ) | CASE NO. _____|
|                   | ) |                    |
| GENERAL MOTORS, LLC | ) | JURY DEMAND      |
|                   | ) |                    |
| Defendant.        | ) |                    |
|                   | ) |                    |

## COMPLAINT

COMES NOW the Plaintiff, **DONNA HENSEL** (hereinafter "Plaintiff") by and through counsel, and for her Complaint as follows against the Defendant, **GENERAL MOTORS, LLC** (hereinafter "Defendant"), seeking relief for discrimination and/or retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. and/or Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") to correct unlawful employment practices on the basis of race and to provide appropriate relief to Plaintiff who was adversely affected by such practices.

### PARTIES

1. Plaintiff, is a resident of the United States who resides in Spring Hill, Tennessee. She is and was at all times relevant to this Complaint a citizen of the State of Tennessee and a resident of Maury County.

2. Defendant, is upon information and belief, a corporation organized under the laws of the state of Delaware, with its principal place of business at 300 Renaissance Drive and/or Center, Detroit, Michigan, 48243. Defendant may be served process through its registered agent Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee, 37203.

3. Plaintiff performed her duties at Defendant's place of business being the manufacturing plant in Spring Hill, Tennessee.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et. Seq.) and Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"). This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 451, 1331, 1343, and 1367. Jurisdiction is conferred under 28 U.S.C. § 1332 relating to diversity of citizenship of the parties because the parties are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the present claim occurred within this judicial district.

6. On or about September 20, 2023, Plaintiff filed a charge of discrimination (No. 494-2023-02318) against Defendant with the Equal Employment Opportunity Commission ("EEOC"), alleging race discrimination and/or retaliation. See attached exhibit 1.

7. On or about September 26, 2023, Plaintiff received a notice of suit rights from the EEOC, advising her that she had 90 days to file against Defendant under Title VII. See attached exhibit 2.

8. Plaintiff has filed a Complaint within the aforementioned 90 day right to sue period and all conditions precedent to the institution of this lawsuit have been fulfilled.

9. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42

U.S.C. § 2000e(b), (g) and (h). Furthermore, Defendant has continuously operated their business in Tennessee and this jurisdiction with at least fifteen employees.

10. The unlawful discrimination and/or retaliation alleged below were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

11. Plaintiff asserts she was discriminated against on the basis of retaliation for opposing discriminatory conduct perpetrated by Defendant. As such, Plaintiff falls within the protected class as a "person" and/or female employee as defined in 42 U.S.C. § 2000e(a) who applied for and accepted employment with Defendant.

12. Defendant(s) are "employer(s)" as that term is defined by 42 U.S.C. § 2000e(b).

## STATEMENT OF FACTS

13. The discriminatory conduct alleged herein occurred in connection with Plaintiff's employment with Defendant as an assembly line worker and/or employee working in the manufacturing plant located in Spring Hill, Tennessee.

14. Since at least August and/or September 2022, Defendant has engaged in unlawful employment practices at its Nashville, Tennessee location in violation of § 703(a) Title VII, 42 U.S.C. § 2000e-2(a) and/or Section 704(a) Title VII, 42 U.S.C § 2000e-3(a) and Section 1981.

15. Defendant's discriminatory practices include, but are not limited to: (1) creating or permitting a hostile work environment heavily charged with discrimination and retaliation for a protected or opposition activity; (2) maintaining wages, job assignments and other conditions of employment that unlawfully operate to deny equal opportunity to Plaintiff because of her opposition and complaint of discriminatory conduct; and (3) retaliation by Defendant through

adverse employment action in the form of termination of Plaintiff's employment caused by her opposition and complaint. Plaintiff was terminated on or about March 16, 2023.

16. Plaintiff stated September 2022 in her EEOC charge regarding incidents referenced below but after referring to a phone call log she has determined it was August 2022.

17. On or about August 25, 2022 at 3:04 p.m. for call lasting 26 minutes, Plaintiff called a corporate hotline number to report discriminatory conduct on the part of Rodney Gaines, Mamie Love, and Roderick (last name unknown.)

18. Rodney Gaines at the time was an assembly line worker and thus similarly situated to Plaintiff by employment classification and/or duties.

19. Roderick (last name unknown) was an assembly line worker and thus similarly situated to Plaintiff by employment classification and/or duties.

20. Mamie Love at the time was a team leader and Plaintiff was on this team.

21. In August 2022, Plaintiff overheard Rodney Gaines state he going to get that "white trash cracker fired, referring to Joseph Smith."

22. In August 2022, Rodney Gaines stated he going to get that "white trash cracker fired, referring to Joseph Smith."

23. In August 2022, Mamie Love was allowing black employees to use the restroom upon their immediate request but not white employees who had to wait later into the shift.

24. In August 2022, Roderick (last name unknown) wore a shirt that had a fist and said "our ancestors are coming for you."

25. In October 2022, Plaintiff made lighthearted comments about cancer regarding why isn't there a month for testicle cancer or penile cancer amongst the same for brain, colon, and lung cancer.

26. Defendant had decorations up pertaining to breast cancer month such as two balloons together demonstrating breasts.

27. Plaintiff was not making statements in a sexual context that Defendant wanted to project upon Plaintiff as a pretext for her termination of employment.

28. Plaintiff was terminated on March 16, 2023.

29. Plaintiff was reinstated on November 6, 2023.

30. Plaintiff was not provided backpay from March 16, 2023 through November 6, 2023.

31. Plaintiff was denied a number of hours during this time to qualify her for profit sharing bonus in February 2024.

32. Plaintiff was denied health insurance for this period amongst other traditional and/or fringe benefits.

## ARGUMENT

## COUNT 1 RETALIATION UNDER TITLE VII

33. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

34. Section 703(a)(1) of Title VII of the Civil Rights Act of 1964, as amended, makes it an unlawful employment practice for an employer to discharge or discipline an employee because of her race. It is also an unlawful employment practice, under § 704(a) of Title VII, for an employer to discharge or discipline an employee because (s)he has filed a Title VII charge, has participated in a Title VII investigation, or has otherwise opposed Title VII discrimination. (See § 614.) This tangible employment action constitutes retaliation as defined in Title VII for Plaintiff reporting the offending behavior averred herein. Plaintiff communicated her opposition to the severe and pervasive pattern of discriminatory conduct on the basis of race referenced above.

Plaintiff was further subjected to retaliation with Defendant terminating her employment after reporting offending behavior averred herein. Plaintiff was subjected to hostile attitudes by employees and/or managers for opposing and/or reporting discriminatory conduct prohibited by § 704(a) of Title VII. Plaintiff was terminated on a pretext to cover up the true and illegal reason for her termination. Any basis for the adverse employment actions complained of herein as a legitimate non-discriminatory act by Defendant serves as a pretext therefore deserving no credence as a legitimate non-discriminatory act.

35. Defendant is strictly liable for the acts averred herein because managers and/or corporate representatives referenced herein had authority to materially alter the terms and conditions of employment for employees under their supervision. Defendant failed to exercise reasonable care to prevent and correct promptly any harassing, and/or offending behavior. The frequency of the discriminatory conduct, its severity, physically threatening and humiliating to Plaintiff unreasonably interfered with Plaintiff's work performance and adversely affected her psychological well-being. Such facts constitute a "hostile and/or "abusive" work environment charged with racial animus permeating the workplace.

36. Plaintiff has suffered damages as a result of Defendant discriminatory actions in excess of $75,000.00.

37. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered and continues to suffer loss of income, decreased earning capacity, loss of potential income, fringe benefits, loss of reputation, loss of promotion, distress, humiliation, embarrassment and emotional pain and suffering and other damages.

## COUNT II RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

38. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

39. Plaintiff is a white woman and was singled out for intentional, willful, and wanton discrimination on the basis of her race.

40. Plaintiff has an at-will employment contract with Defendant for which she made and seeks to continue and enforce.

41. 42 U.S.C. § 1981 prohibits race discrimination in the making and enforcing of contracts. This includes the making of, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. In committing the intentional, willful, and wanton acts described herein, Plaintiff was denied the same, and other benefits, privileges, terms and conditions due her, due to her race as a white female; She was also subjected to extreme harassment due to her race.

42. But for her race, the actions alleged herein would not have occurred and damages would not have been incurred or sustained.

43. As such, Defendant violated 42 U.S.C. § 1981.

44. With regard to all claims stated herein, Plaintiff has suffered damages as a direct and proximate result of Defendant's discriminatory actions in excess of $75,000.00.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. Declaration that the Defendant violated Plaintiff's rights with regard to race, color, and/or national origin discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq.

2. Actual damages incurred as a result of lost pay or benefits;

3. Compensatory damages with prejudgment interest to Plaintiff for all salary, back pay, front pay, and benefits lost due to Defendant(s)' unlawful actions in an amount not less than $300,000.00 or to be determined;

4. Damages to Plaintiff for emotional distress, stress, anxiety, inconvenience, loss of enjoyment of life, embarrassment, and humiliation in an amount to be determined;

5. Punitive damages to Plaintiff in an amount to be determined;

6. Liquidated damages;

7. Prejudgment interest and, if applicable, post-judgment interest; and

8. Award to Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees, costs, and expenses; and

9. Such other and further legal or equitable relief to which she may be entitled under the Title VII and 42 U.S.C. § 1981 and any other statutory or common law; and

10. Such other and further relief as the Court deems just and proper.

11. That a jury of Plaintiff's peers be empaneled to try the issues raised in this cause;

Respectfully submitted,

/s/Roland Mumford
Roland Mumford BPR 026495
Law Offices of Roland Mumford
242 West Main Street, No. 223
Hendersonville, TN 37075
Phone: 615.348.0070
Fax: 614.246.4110
Email: roland@mumfordlaw.net
Attorney for Plaintiff